CONNOR *v.* JOCHEN.

1. EQUITY—PLEADING—WAIVER—OPENING DEFAULT—ANSWER.

   While it was irregular to enter defendant's default and proceed with a suit in chancery after defendant's plea was found to be insufficient by the opinion of the circuit judge, and before an order overruling the plea was entered, defendant waived the irregularity by moving to vacate his default on other grounds.

2. SAME—CREDITORS' SUITS—EXECUTION—STATUTES.

   Where complainant, having three judgments against defendant, levied execution upon defendant's interest in an executory contract to purchase certain real estate from a third party, and bid in the said interest for the amount of one of the judgments, subsequently filing a bill in equity to restrain defendant from obtaining any money upon certain agreements that he had previously entered into for the sale of timber, mineral and other rights in connection with the property, a decree adjudging that complainant is the absolute owner of the premises subject to the rights of the vendor in said land contract, who was not made a party to the bill, and restraining the other defendants from paying the judgment debtor any money under his agreements, was not warranted under 3 Comp. Laws, § 9167, and did not follow the theory of the bill or accomplish the purpose intended by the statute, which provides a remedy to ascertain and determine the rights of judgment debtors in land levied upon.

Appeal from Saginaw; Gage, J. Submitted January 17, 1912. (Docket No. 98.) Decided July 11, 1912.

Bill by Rowland Connor against Ernst Jochen and others for relief as a judgment creditor. From a decree for complainant, defendant Jochen appeals. Reversed.

*Rowland Connor, in pro. per.*

*Gallup & Gallup* (*G. W. Davis*, of counsel), for defendant Jochen.

OSTRANDER, J. Two of the three parties defendant did not appear. Defendant Jochen appeared, demanded and received a copy of the bill, filed and served a plea. Complainant replied. Coming on to be heard, and being argued by counsel, the plea was overruled, the court filing a written opinion in which defendant was given 15 days to answer. This was July 9, 1909. No order overruling the plea was made or entered. Defendant's default for want of answer was entered July 27, 1909, in support of which complainant made and filed his affidavit. Defendant was served with no notice of the entry of the order. Thereafter, on December 4, 1909, defendant moved to vacate the order *pro confesso* and for leave to answer, making profert of the answer proposed to be filed. The answer was verified, and the benefit of a cross-bill was claimed therein. The motion coming on to be heard, it was overruled. Later, on April 7, 1911, defendant moved to vacate the order *pro confesso* upon the ground, not before suggested, that no order had been entered overruling his plea, for which reason the time allowed for filing an answer had not elapsed. With this motion defendant filed and served an answer. This motion was overruled. Thereafter complainant proceeded to take proofs in open court, and the court made and entered a decree as of March 22, 1911. The proof introduced consisted of a sheriff's deed, dated February 18, 1910, conveying certain premises sold upon *fieri facias* to complainant. Defend-

ant has appealed, the settled case containing the pleadings, motions, etc., filed in the cause, the various orders entered, the testimony aforesaid and the decree.

The contentions of the appellant based upon the action of the court in overruling the plea will not be considered. The court had jurisdiction of the subject-matter and of defendant, appellant.

It was irregular to proceed with the cause until an order overruling the plea had been entered. Either party might have prepared the order and caused it to be entered. It was irregular to enter an order *pro confesso* without giving notice thereof. After an appearance, a defendant is entitled to notice of all future proceedings in the cause. Chancery Rule 5. The irregularities were waived when defendant moved, for other reasons, to vacate the order *pro confesso*, and for leave to answer. The court exercised its discretion, and its action was submitted to. No further proceedings were taken for one year and four months. To understand other contentions based upon the bill, the testimony, and the decree, it will be necessary to refer to the record.

The case made by the bill may be stated as follows: Complainant recovered a judgment against defendant Jochen, in the circuit court for the county of Saginaw for $334.28 and costs, February 6, 1906. The judgment is unreversed and unsatisfied. In 1901 defendant agreed, in writing, to purchase certain lands from Allan Sheldon for $28,275, and according to the contract, which was recorded, he paid $2,000 of the purchase price. He was obligated to pay thereafter $1,000 annually and interest and taxes on the land until the price was paid. In 1907 Jochen entered into an agreement to sell to the defendant Woodenware Company all timber growing on the said land eight inches in diameter, and the purchaser agreed to pay the amount then due on the contract with Allan Sheldon, then computed to be $8,159.76, and taxes due on the land and interest due on the said contract, and to continue to make payments on the said contract, as they be-

came due. This last-mentioned agreement was duly recorded. A copy of it is set out with the plea of defendant Jochen. It appears that Jochen assigned the Sheldon contract to the Woodenware Company to secure the performance on his part of the agreement with said Woodenware Company. Defendant Jochen also agreed, in writing, with the Robert Gage Coal Company for the mining of coal on the lands, the purchaser and licensee agreeing to pay him $150 cash and 8 cents per gross ton royalty for coal mined, the minimum royalty to be $75 a month. This agreement was recorded. This was the situation when, July 14, 1908, complainant caused an execution to be issued to collect his judgment. A levy was made upon certain logs which were advertised and sold and brought $100. No other personal property being found, a levy was made upon Jochen's interest in the said lands, and upon a sale thereof at public auction the complainant bought the said interest for $348.53, and the sheriff's deed, already referred to, was given. Complainant is owner of two other judgments against Jochen, one for $137.99 and costs, the other for $166.69 and costs and interest, and to collect these judgments writs have been issued, delivered to the sheriff, and levied upon Jochen's interest in said lands. Notices of the levies were filed December 11, 1908, but no sale has been made. The lands are valuable, both for the timber upon them and the coal deposit, but are low and swampy. The Woodenware Company has cut, under its contract, a large amount of timber, and, if it continues operations, will owe Jochen a large sum of money. Jochen is negotiating for the sale of his interest in the contract with the Woodenware Company, and complainant is informed has been offered $7,000 cash for his interest therein. It is prayed that the Woodenware Company be restrained from paying any money to Jochen until the further order of the court, and that Jochen may be restrained from selling or transferring any interest in the lands and in any contract pertaining thereto. A receiver is asked for to take and hold any money coming due to Jochen under any contract

concerning the land, etc., and after making necessary payments on the Sheldon contract, and the taxes and interest, to pay the residue to complainant until the said judgments are paid in full. There is a prayer for general relief. Allan Sheldon is not made a party defendant, and has not been brought upon the record. Injunctions were issued and served.

The decree recites that complainant was the highest bidder at the execution sale, that no redemption was made, and finds that complainant "is now the sole and absolute owner," subject to the rights of Sheldon and the Woodenware Company, of all of the interests of said Jochen in said lands, and that all of Jochen's rights in the lands are terminated. It is therefore decreed that the two defendants other than Jochen be restrained from paying Jochen any money for coal or timber taken from the land, that Jochen be restrained from selling or transferring any interest in the land or in the coal or timber, and from trespassing. It is said by complainant that the bill was filed in compliance with the provisions of 3 Comp. Laws, § 9167, which, while subjecting equitable interests in land to the payment of debts and providing for the levy of executions thereon and for sales of such interests, contains a proviso, a portion of which reads:

"That in case of a levy upon the equitable interest of a judgment debtor, the judgment creditor may, before sale, institute proceedings in aid of said execution, to ascertain and determine the rights and equities of said judgment debtor in the premises so levied upon, and that in case of a sale of said premises, without having ascertained and determined the interest of said judgment debtor in the premises so levied upon and sold, he shall within one year institute proceedings to ascertain and determine the same, and to settle the rights of the parties in interest therein."

But this bill is not so framed as to discover and settle the rights of the parties in interest in and to the land. The theory of the statute proceeding is that the rights and equities of the judgment debtor in the premises levied

upon shall be ascertained and determined. According to the theory of the statute, Allan Sheldon is a party in interest, and is not a party to the bill. According to the theory of the bill, the judgment debtor is, and will be, entitled to receive certain money from certain persons, and it is sought to sequester the money and apply it in payment of complainant's judgments. The theory of the bill is precisely opposed to the idea that relief in aid of an execution is desired or a determination of the extent of the interest acquired at the execution sale. For the purposes of the relief prayed for, the recitals in the bill about the execution levies, and the sale on execution are immaterial. Nor does the decree determine the extent of Jochen's interest in the land, or in any contract relating thereto. No relief prayed for in the bill is granted excepting only the restraining of two of the defendants from paying money to Jochen. And this relief is based, not upon the right of complainant to have money of the judgment debtor sequestered and used to pay, and thus discharge, his demands, but upon the idea that Jochen has no longer any right to the money because he has lost his interest in the land, and complainant has acquired it. Clearly, the relief given does not follow the bill. Nothing which the statute proposes to have accomplished is accomplished.

Under the circumstances, we are inclined, if complainant desires that course to be pursued, to set aside the decree and remand the record with leave to amend the bill, or with leave to present to the court below facts and circumstances tending to sustain a right to the relief prayed for in the original bill. Unless complainant shall within 30 days prepare and serve a decree pursuant to this suggestion, a decree may be taken reversing the decree of the court below and dismissing the bill of complaint. In any event, appellant will recover costs of this appeal.

MOORE, C. J., and STEERE, McALVAY, BROOKE, and STONE, JJ., concurred. BLAIR and BIRD, JJ., did not sit.