Ross *v.* St. Clair Circuit Judge.

Mandamus—Writ of Grace—Vacation of Decree—Notice of Settlement to Defendant—Irregularities.

Decree entered upon defendant's failure to file an answer upon same day certain affidavits were filed without notice thereof to defendant and without notice of settlement having been given defendant's former attorney, who was given oral notice of entry a few days thereafter, is not ordered vacated upon defendant's petition for mandamus because of such irregularities where it is shown that no effort was made to have decree set aside for upwards of a year and not until after death of plaintiff, defendant's mother, in whose favor decree had been entered, a substitution of attorneys for defendant had been effected, no answer has been tendered nor claim made that defendant proposed to introduce proof or had any to offer, notwithstanding the irregularities complained of were contrary to good practice and might be sufficient to justify vacating a decree; the writ of mandamus being a writ of grace (3 Comp. Laws 1929, § 14121; Court Rules Nos. 8, 28 [1933]).

Mandamus by William H. Ross to compel Laurie O. Telfer, St. Clair Circuit Judge, to set aside a decree. Submitted August 15, 1939. (Calendar No. 40,668.) Writ denied November 9, 1939. Rehearing denied December 20, 1939.

*Stewart & Black,* for petitioner.

*Hugh H. Hart* and *J. Frank Wilson,* for defendant.

Bushnell, J. Plaintiff Ross, who was one of the defendants in a chancery action to cancel certain deeds, applied to this court for leave to appeal in the nature of mandamus, seeking a writ commanding

the circuit judge to set aside an order denying petitioner's motion for vacation of a decree, the same having been entered without notice upon Ross' failure to file an answer. Upon consideration of this application, an order *nisi* was entered, this court treating the application as a petition for an order to show cause.

The matter is now again before us after the return of the circuit judge, which gives his reasons for denying plaintiff's motion. The return shows that the decree in question was entered February 14, 1938. Considerably more than a year later and not until after the plaintiff, in whose favor the decree had been entered, had died, attorneys who were substituted for petitioner's original attorney of record filed a motion to set aside the decree. Petitioner's former attorney received oral notice of the decree shortly after its entry, but received no notice of the settlement of the decree. On the same day the decree was entered, certain depositions were filed without notice to petitioner. The circuit judge states that it appeared to him "that the real issue was whether or not the failure of notice of the settlement of said decree was such an irregularity as would of itself require an order setting aside such decree." The return further says that "at no time, either orally or in written briefs," has counsel for Ross—

"made any claim that they propose to introduce any proof, or had any proof, to show that the said decree was not one to which his mother, the plaintiff, was entitled, but insisted that because of the said irregularity the decree should be set aside."

The irregularities complained of were contrary to good practice and may be sufficient to justify vacating a decree. See Court Rule No. 8, § 7 (1933); 3 Comp. Laws 1929, § 14121 (Stat. Ann. § 27.815),

and *Union Trust Co.* v. *Detroit Trust Co.*, 240 Mich. 646. The application for the writ is planted upon the irregularities and the unsupported claim that, if the decree is permitted to stand, it will "forever take from this appellant valuable property rights without day in court or process of law required by 3 Comp. Laws 1929, § 14121 (Stat. Ann. § 27.815), and Court Rule No. 8 (1933)." A sworn answer is not tendered, as required by Court Rule No. 28 (1933), and there is no satisfactory explanation of the delay.

Although we accept all the material allegations of the "concise statement of proceedings and facts," nevertheless, in the absence of a satisfactory explanation of the delay and tender of a sworn answer, we see no reason for the issuance of the writ of mandamus, it being a writ of grace.

The application for the writ is denied, but without costs.

BUTZEL, C. J., and WIEST, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.