## GEIB *v.* KENT CIRCUIT JUDGE.

1. JUDGES—STATEMENTS TO LITIGANTS.
   A judge who makes statements to a litigant who has come into court in response to a writ issued from such court does not thereby assume the role of counsel to such litigant.

2. JUDGMENT—DEFAULT—APPEARANCE.
   Under showing made that garnishee defendant did come into court on day named in writ and was advised by circuit judge that such writ, carrying attestation naming as circuit judge a judge of superior court of city within the circuit, was no good, statement in affidavit of default that no appearance had been made by the garnishee defendant was erroneous, hence the default was irregular (3 Comp. Laws 1929, § 14857; Court Rule No. 14, § 3 [1945]).

3. MANDAMUS—NATURE OF WRIT.
   The writ of mandamus is a discretionary writ.

4. SAME—SETTING ASIDE ORDER OF DEFAULT.
   The discretionary writ of mandamus is not issued to compel a circuit judge to vacate order setting aside a default judgment against a garnishee defendant for an irregularity in the default where it appears that garnishee appeared personally and was advised by the circuit judge that writ was invalid, plaintiff was advised thereof, and that garnishee defendant claimed nonliability to principal defendant.
   Per BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ.

5. JUDGMENT—SETTING ASIDE DEFAULT—DISCRETION OF COURT—CONSTRUCTIVE FRAUD.
   Where garnishee defendant had appeared personally in response to writ of garnishment and been advised by circuit judge that such writ was no good because of an irregularity therein, and being so misled was tantamount to constructive fraud upon garnishee defendant, setting aside the default judgment thereafter entered was not an abuse of discretion even though more than six months had elapsed since the default was entered.

Equitable relief on judgment obtained because party was deprived of opportunity to present case through error of court, see Restatement, Judgments, § 120(b) and comment c.

6. GARNISHMENT—ATTESTATION OF WRIT—NAME OF CIRCUIT JUDGE.
   Fact that a writ of garnishment recited attestation in the name
   of a person who was not a circuit judge did not invalidate
   the writ as it is not required that the name of the judge of
   the circuit court from which the writ issues appear thereon
   (3 Comp. Laws 1929, § 14857; Court Rule No. 14, § 3 [1945]).

7. SAME—MANDAMUS—DISCLOSURE.
   Where mandamus to set aside order vacating default judgment
   against garnishee defendant is denied but writ of garnish-
   ment served was nevertheless a valid writ, garnishee defend-
   ant is allowed 15 days from decision in mandamus proceed-
   ing within which to make disclosure.

Per STARR, C. J., and NORTH, WIEST, BUTZEL, BUSHNELL, SHARPE,
and BOYLES, JJ.

Petition by Fred P. Geib for a writ of mandamus
to compel William B. Brown, Kent Circuit Judge,
to set aside an order which set aside a default. Sub-
mitted April 3, 1945. (Calendar No. 42,940.) Writ
denied June 4, 1945. Rehearing denied Septem-
ber 5, 1945.

*Fred P. Geib, in pro. per.*

*Linsey, Shivel, Phelps & Vander Wal,* for de-
fendant.

REID, J. Plaintiff petitions for writ of man-
damus to command defendant circuit judge to va-
cate and hold for naught an order made by him on
October 31, 1944, in which order defendant circuit
judge vacated and set aside a judgment thereto-
fore entered against a garnishee defendant in a
case pending before the circuit judge.

Fred P. Geib, plaintiff herein, an attorney, ap-
pearing in person, obtained a judgment against his
client, James A. Lindsey, on March 17, 1943, for $305
damages and $24 costs. On February 24, 1944, plain-
tiff filed an affidavit for writ of garnishment and

the writ was issued against Vita M. Smith Lindsey, garnishee defendant, the wife of James A. Lindsey, principal defendant. On March 28, 1944, affidavit of nonappearance and of default was filed. On the same day, the writ of garnishment was returned and filed and default of garnishee for want of appearance and disclosure filed. On October 2, 1944, plaintiff herein, who was also plaintiff in that proceeding, took a default judgment against Vita M. Smith Lindsey, garnishee defendant, for $353.67 damages and $25 costs. Execution was issued on October 6, 1944, and on October 14, 1944, Vita M. Smith Lindsey, garnishee defendant, filed a motion and affidavit to set aside the judgment against her and to recall the execution. Testimony was given before the defendant circuit judge on October 21, 1944. On October 31, 1944, the defendant herein, the circuit judge, filed his opinion upon the motion and on the same day granted an order setting aside the default judgment entered against the garnishee defendant.

The garnishee defendant in her petition and affidavit attached and by her testimony sets forth that she was served on February 24, 1944, with a copy of writ of garnishment and that in obedience to the command of the writ she appeared in person on March 11, 1944, before Honorable Leonard D. Verdier, circuit judge of the court in which the case of Geib *v.* Lindsey was pending; that after she had waited for a half hour in the court room she was asked by Judge Verdier whether she had business before the court and that she thereupon showed him the writ of garnishment and that the circuit judge then examined the writ.

It appears in this record that the writ of garnishment was attested in the name of "Hon. Thaddeus B. Taylor, circuit judge at the city of Grand

Rapids," and that in fact there is no Thaddeus B. Taylor, circuit judge, either of Kent county or of any circuit in the State of Michigan, but Thaddeus B. Taylor is judge of the superior court of the city of Grand Rapids.

The garnishee defendant made a showing that Judge Verdier upon examining the writ said to her, "There is a mistake in this paper. There is no circuit judge by the name of Taylor. I will call Mr. Geib;" that thereupon Judge Verdier made a telephone call but the garnishee defendant is unable to give the conversation; that Judge Verdier informed her that Mr. Geib would come to the court room; that she asked Judge Verdier whether she should stay but that Judge Verdier in substance informed her she need not stay, the paper wasn't any good, as she understood his statement. The garnishee defendant further in her affidavit sets out that she was not on February 24, 1944, indebted to her husband, James A. Lindsey, in any amount and she had no property or effects in her hands belonging to James A. Lindsey.

Plaintiff, the relator herein, claims that the circuit judge, defendant herein, had no jurisdiction to grant the motion made more than six months after the entry of the default to set aside the judgment and further, that the mistake in the issuance of the writ of garnishment, by which it was attested in the name of the judge of the superior court of Grand Rapids, but described as circuit judge, was an immaterial error and did not vitiate the writ. Plaintiff further denies the fraud found by the defendant judge in his return to the order to show cause to have been perpetrated upon the garnishee defendant which he found was not an intentional fraud but nevertheless had the effect of being a fraud upon her rights.

Plaintiff relator herein speaks of the statements of Judge Verdier to the garnishee defendant as counsel. It is not correct to speak of his action in the matter as counsel. The matter was simply pending before him as a circuit judge. A litigant in his court had come to speak to him and in obedience to a writ issued from that court.

The statement of Judge Verdier to the garnishee defendant that the paper was no good was repeated to her after Judge Verdier had talked with Mr. Geib, the plaintiff, who came to the court room as soon as he could after the telephone conversation, but arrived after the garnishee defendant had left, whereupon Mr. Geib was informed by Judge Verdier of his ruling that the writ was invalid.

So far as appears in this record, plaintiff did not on March 11, 1944, nor at any other time before taking the default, say anything to Judge Verdier or to the garnishee defendant to the purport that the judge's statement to Mrs. Lindsey was incorrect; he at that time in no wise questioned the right of Judge Verdier in that summary manner to rule on the validity of the writ; nor did he indicate, prior to the filing of the motion to set aside the default, that he was in any wise dissatisfied with the way the matter had been taken up and disposed of by Judge Verdier. Plaintiff says that at the time he did not know whether the error in the name of the judge in the writ was of any legal consequence or not.

The affidavit of default recites, among other things, "No appearance has been entered by or on behalf of said garnishee defendant." The return of defendant circuit judge among other things recited, "The garnishee defendant appeared in the circuit court on March 11, 1944, and relator's affidavit of nonappearance and default is in error in

stating that Vita M. Smith Lindsey made no appearance."

The default was irregular. The writ of mandamus is a discretionary writ and we are not required under the foregoing circumstances to grant the writ.

The writ of mandamus is denied, with costs to defendant.

BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred with REID, J.

NORTH, J. In the opinion written by Mr. Justice REID it is held that the writ of mandamus should be denied. I concur in that holding; but solely on the ground that under the circumstances of this case as disclosed in my Brother's opinion the order of the circuit judge setting aside the judgment and default entered against the garnishee defendant was not an abuse of discretion. She relied upon the circuit judge's statement and through no fault of her own the garnishee defendant was misled. Her being so misled was tantamount to constructive fraud. Therefore, since the issuance of a writ of mandamus by this Court is discretionary or a matter of grace (*Toan* v. *McGinn,* 271 Mich. 28, and *Ross* v. *St. Clair Circuit Judge,* 291 Mich. 70), the writ is properly denied.

However, because it is a matter of importance in practice and procedure, the following should be stated. In part at least the holding of the trial judge seems to have been based upon the conclusion that the writ of garnishment issued in the instant case was ineffective because it erroneously recited: "Witness, the Honorable Thaddeus B. Taylor, Circuit Judge," when in fact there was no such circuit judge. Such recital was surplusage and did not invalidate the writ of garnishment. The statute

(3 Comp. Laws 1929, § 14857 [Stat. Ann. § 27.1855]) provides: "a writ of garnishment shall be issued, sealed and tested in the same manner as writs of summons." The form of a summons is provided by rule in this State; and it is not required thereby that the name of the judge of the circuit court from which the writ issues shall appear thereon. In this particular the present court rule does not differ from the earlier court rule. See Court Rule No. 14, § 3 (1945).

Notwithstanding the garnishee defendant's default was entered more than four months before the motion to vacate was made (See Court Rule No. 28, § 4 [1945], being the same as corresponding provisions in 1933 rules), we think the order of the trial court setting aside the default and judgment should not be disturbed by mandamus, it being a writ of grace. In so holding we place decision solely on the unusual circumstances of the instant case wherein the garnishee defendant was inadvertently misled by the judge of the court to which she had been summoned. Our holding herein is not to be construed as a departure from our former decisions wherein it has been quite uniformly held that a default regularly entered after personal service will not be vacated unless the application to vacate is made within the time limit provided. For cases so holding see note under Statutes Annotated, § 27.1859.

Mandamus is denied, but the writ of garnishment served should be held to be a valid writ, and the garnishee defendant given 15 days after our decision herein within which to make disclosure. The case is remanded for further proceedings. Defendant will have costs of this Court.

STARR, C. J., and WIEST, BUTZEL, BUSHNELL, SHARPE, and BOYLES, JJ., concurred with NORTH, J.