# STATE OF MICHIGAN

# COURT OF APPEALS

WORLD O WORLD CORPORATION,

Plaintiff-Appellee,

v

MARINA SAFRONIY and YURIY SAFRONIY,

Defendants-Appellants.

UNPUBLISHED
February 21, 2017

No. 329512
Oakland Circuit Court
LC No. 2014-142903-CK

Before: GLEICHER, P.J., and MURRAY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff filed suit to collect a secured debt five years after the debtors stopped paying. One debtor failed to respond and the other admitted her breach. The circuit court rightly entered a default against the first and summarily resolved the claims against the other. However, the court erred in ignoring that part of plaintiff's damages claim that was barred by the applicable statute of limitations. And the court should have set aside the default and entered an amended judgment after plaintiff significantly reduced the rate at which the due was calculated. We affirm in part, reverse in part, and remand for further proceedings.

## I. BACKGROUND

In 2005, Yuriy and Marina Safroniy, husband and wife, borrowed $13,500 from plaintiff to purchase property in Florida. The Safroniys gave plaintiff a mortgage over the property and executed a promissory note, providing a 15-year repayment plan at 11.75% interest. The promissory note and the mortgage each contained an acceleration clause. The mortgage's clause provided:

> If any sum of money herein referred to be not promptly paid within THIRTY (30) days next after the same becomes due . . . then the entire sum mentioned in said note, and this mortgage, or the entire unpaid balance thereon, shall forthwith or thereafter, at the option of the mortgagee, become and be due and payable . . . . Failure by the mortgagee to exercise any of the rights or options herein provided shall not constitute a waiver. . . .

The promissory note similarly stated:

-1-

If default be made in the payment of any of the sums or interest mentioned herein or in said mortgage . . . then the entire principal sum and accrued interest shall at the option of the holder hereof become at once due and collectible without notice, time being of the essence, and said principal sum and accrued interest shall both bear interest from such time until paid at the highest rate allowable under the laws of the State of Florida. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default.

"[T]he highest rate allowable under" Florida law is 18% simple interest.

The Safroniys last made a loan payment on August 1, 2009, and have been in default ever since. Even so, plaintiff waited more than five years to seek payment. Plaintiff did so by filing suit on September 12, 2014, requesting $29,448.17—the remaining principal balance plus compound interest calculated at 18%. Plaintiff served the Safroniys on October 30, 2014. This was the Safroniys' first notice that plaintiff intended to accelerate the loan.

Despite that Yuriy and Marina are married and were both personally served with the complaint, their attorney filed an answer in Marina's name only. This led to a default being entered against Yuriy in the amount of $29,448.17, the amount sought in plaintiff's complaint. Yuriy later sought to set the default aside, but the circuit court denied his motion.

Thereafter, Marina and plaintiff filed cross motions for summary disposition. In one motion, Marina cited Florida statute of limitations precedent in support of dismissing any claim for missed payments due more than five years before the complaint was served. In another, Marina argued that plaintiff's attempt to collect compound interest calculated at 18% was usurious and that Florida law therefore prohibited plaintiff from collecting any interest on the debt.

Plaintiff's summary disposition motion was based on Marina's admission that she had not made required loan payments since 2009. In an affidavit accompanying its motion, plaintiff changed its position to request only 11.75% simple interest, reducing the amount of damages sought to $20,307.97. While plaintiff offered no explanation for this change at the time, it later claimed that the amount requested in the complaint was calculated in error.

The circuit court rejected both the usury and statute of limitations arguments raised by Marina, but granted plaintiff's motion to collect contract damages of $20,307.97. This resolved all remaining issues in the lawsuit. The Safroniys appeal.

## II. SUMMARY DISPOSITION

Marina Safroniy challenges the circuit court's denial of her summary disposition motions. We review de novo a circuit court's denial of summary disposition. *Dillard v Schlussel*, 308 Mich App 429, 442; 865 NW2d 648 (2014). "Summary disposition may be granted under MCR 2.116(C)(7) when a claim is barred by the statute of limitations." *Id*.

"When reviewing a motion under MCR 2.116(C)(7), this Court must accept all well-pleaded factual allegations as true and construe them in favor of the plaintiff, unless other evidence contradicts them. If any affidavits, depositions, admissions,

or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact. If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court. However, if a question of fact exists to the extent that factual development could provide a basis for recovery, dismissal is inappropriate." [*Id.* at 442-443, quoting *Dextrom v Wexford Co*, 287 Mich App 406, 428-429; 789 NW2d 211 (2010) (citations omitted).]

The circuit court denied Marina's motion based on plaintiff's alleged usury under MCR 2.116(C)(10).

A motion under MCR 2.116(C)(10) "tests the factual support of a plaintiff's claim." *Walsh v Taylor*, 263 Mich App 618, 621; 689 NW2d 506 (2004). "Summary disposition is appropriate under MCR 2.116(C)(10) if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *West v Gen Motors Corp*, 469 Mich 177, 183; 665 NW2d 468 (2003). "In reviewing a motion under MCR 2.116(C)(10), this Court considers the pleadings, admissions, affidavits, and other relevant documentary evidence of record in the light most favorable to the nonmoving party to determine whether any genuine issue of material fact exists to warrant a trial." *Walsh*, 263 Mich App at 621. "A genuine issue of material fact exists when the record, giving the benefit of reasonable doubt to the opposing party, leaves open an issue upon which reasonable minds might differ." *West*, 469 Mich at 183. [*Zaher v Miotke*, 300 Mich App 132, 139-140; 832 NW2d 266 (2013).]

The circuit court erred, in part, in denying Marina's statute-of-limitations based motion.

It is undisputed that the statute of limitations applicable to this claim is five years, pursuant to Fla Stat 95.11(2)(b). See also *Greene v Bursey*, 733 So2d 1111, 1114 (Fla Ct App, 1999). The limitations period begins to run when the cause of action accrues. *Id.*, citing Fl Stat 95.031. It has long been the rule in Florida that the statute of limitations for the breach of an installment payment contract begins to run separately with each missed payment. *Access Ins Planners, Inc v Gee*, 175 So3d 921, 924 (Fla Ct App, 2015), citing *Isaacs v Deutsch*, 80 So2d 657 (Fla, 1955). See also *Greene*, 733 So2d at 1114 (holding that the statutory limitations period ordinarily begins to run on installment contracts "on the date each installment becomes due"). Accordingly, in any given case, the limitations period may run on some installments, but not on others. *Id.*

When a lender accelerates loan repayment, however, the total debt becomes due. The date of acceleration becomes the last installment due date. See *id.* at 1115. Under Florida law, the lender must demand the total balance due in order to actually accelerate the debt. *Snow v Wells Fargo Bank, NA*, 156 So3d 538, 541 (Fla Ct App, 2015). A statement that the full amount of principal and interest is immediately due suffices. *Id.* at 542. Provisions permitting a lender to accelerate repayment without notice merely allow the lender to accelerate a loan without giving the borrower an opportunity to remedy the shortfall; demanding full payment is distinct from notice and is the required trigger for acceleration.

Here, plaintiff demanded repayment by serving its complaint on the Safroniys on October 30, 2014. Accordingly, plaintiff did not accelerate loan repayment until October 30, 2014. Plaintiff appears to have attempted (mistakenly or otherwise) to accelerate the debt retroactively to August 1, 2009, the date of the Safroniys' last payment. Under Florida caselaw, however, such an attempt could have no legal effect on the running of the statute of limitations. *Greene*, 733 So2d at 1115; *Snow*, 156 So3d at 542.

Because this was an installment contract, and plaintiff did not accelerate the debt until service was effectuated, the statute of limitations ran on each payment as it became due. Therefore, plaintiff could only recover outstanding payments due on or after October 30, 2009. Plaintiff's claim for payments due September 1 and October 1, 2009, as well as for interest associated with those payments, was time-barred. Accordingly, the circuit court should have summarily dismissed plaintiff's claim in that regard. On remand, the circuit court must calculate a corrected judgment amount less these principal payments and associated interest.

The circuit court did not err, however, in denying Marina's motion for summary disposition to preclude plaintiff's collection of any interest based on plaintiff's alleged violation of Florida's usury laws. Chapter 687 of the Florida Statutes was enacted "to protect borrowers from paying unfair and excessive interest to overreaching creditors." *Jersey Palm-Gross, Inc v Paper*, 658 So2d 531, 534 (Fla, 1995). Usury is defined as "to reserve, charge, or take for any loan . . . a rate of interest greater than the equivalent of 18[%] per annum simple interest, either directly or indirectly . . . ." Fla Stat 687.03(1).

The defense of usury consists of four elements: "(1) an express or implied loan; (2) a repayment requirement; (3) *an agreement to pay interest in excess of the legal rate*; and (4) a corrupt intent to take more than the legal rate for the money loaned." *Oregrund Ltd Partnership v Sheive*, 873 So2d 451, 456-457 (Fla Ct App, 2004) (emphasis altered from original). "[T]he usurious nature of a transaction is established at the *inception* of the transaction." *Id*. at 458 (emphasis in original). See also *Home Credit Co v Brown*, 148 So 2d 257, 260 (Fla 1962) ("[T]he vice of usury is one which inheres in the parties' agreement itself."). "The exception to this rule is where an old contract is abandoned and a new one, which has been entered into free from the vice of the old, occurs." *Oregrund*, 873 So2d at 459;

Marina's usury defense could not possibly succeed, regardless of any factual development. The alleged usury—plaintiff's request for 18% compound interest—was not part of the promissory note or mortgage. The parties' agreement was not usurious at its inception. Rather, plaintiff waited until its complaint to seek recovery of 18% compound interest. We could locate no Florida precedent denying a plaintiff's recovery of any interest because it requested usurious interest in a court complaint. Indeed, denying recovery of interest at a legal rate under the circumstances runs counter to the purpose of Florida's usury laws. "The purpose of the statute is to protect the needy borrower by penalizing the unconscionable lender." *Party Yards, Inc v Templeton*, 751 So 2d 121, 122-123 (Fla Dist Ct App, 2000). A defendant in a lawsuit who must litigate over the amount of damages is in an entirely different, and less vulnerable, position than a needy borrower seeking a loan from an overreaching lender.

And in the end plaintiff amended its damages request. Plaintiff could have sought 18% simple interest pursuant to the acceleration clause in the promissory note. Instead, plaintiff gave

Marina the benefit of 11.75% simple interest.[1]  Marina admitted that she had not paid the loan principal or interest due under the promissory note since August 2009.  Accordingly, no factual question remained for trial in this regard.

### III. DEFAULT JUDGMENT

Yuriy Safroniy contends that the circuit court should have set aside the default judgment against him because he established both a meritorious defense (usury and statute of limitations) and good cause for failing to answer the complaint.  We review the circuit court's decision for an abuse of discretion.  *Epps v 4 Quarters Restoration, LLC*, 498 Mich 518, 555; 872 NW2d 412 (2015).  To warrant such relief, a defaulted party must establish good cause and present a meritorious defense.  MCR 2.603(D).  Yuriy presented a meritorious defense, albeit marginally.  The usury defense was unavailing in this matter but the statute of limitations defense eliminated recovery of two payments.

However, Yuriy did not establish good cause.  Good cause is established "by showing (1) a procedural irregularity or defect, or (2) a reasonable excuse for failure to comply with the requirements that created the default."  *Alken-Ziegler, Inc v Waterbury Headers Corp*, 461 Mich 219, 229, 233; 600 NW2d 638 (1999).   Plaintiff personally served Yuriy with a copy of the complaint and Yuriy signed the receipt of service.  Although Yuriy alleges that Marina actually opened the envelope and took the complaint to their attorney, Yuriy's acceptance of process reveals his awareness that he was a named defendant.  Indeed, Yuriy does not deny his awareness of this fact.  And Yuriy provides no excuse for the attorney's failure to respond in his name.  " 'The carelessness or neglect of either the litigant or his attorney is not normally grounds for granting a belated application to set aside a default regularly entered.' "  *Epps*, 498 Mich at 554, quoting *White v Sadler*, 350 Mich 511, 522; 87 NW2d 192 (1957).

Although the circuit court did not abuse its discretion at the time it denied Yuriy's motion to set aside the default judgment, it should have set it aside and entered an amended judgment after plaintiff admitted on the record that it was entitled only to simple interest at 11.75%, not compound interest at 18%.

"Under some circumstances, a default may be set aside, even when it was initially properly entered."  *Huntington Nat'l Bank v Ristich*, 292 Mich App 376, 389; 808 NW2d 511 (2011).   MCR 2.612(C)(1)(e) allows a courts to set a judgment aside when "it is no longer equitable that the judgment should have prospective application."  After the default judgment entered, plaintiff admitted that it was not entitled to 18% compound interest and resigned itself to 11.75% simple interest as provided in the parties' promissory note.  Moreover, Marina and Yuriy, as a married couple with a single joint debt, were only indebted for one single amount.

---

[1] Marina contends that plaintiff's reduction of the interest rate following her summary disposition motion evidenced that plaintiff had acted with ill intent in requesting 18% compound interest in its complaint.  The record does not necessarily support this conclusion.  And plaintiff's intent in the complaint is irrelevant as the usurious interest rate was not part of the parties' loan agreement.

As it now stands, this married couple is indebted to plaintiff for two separate judgments of different amounts. Equitable principles require that the default judgment against Yuriy be set aside and he be held jointly and severally liable with Marina for a corrected judgment amount to be determined on remand, as noted previously.

We affirm in part, reverse in part, and remand for further proceedings consistent with this opinion. We do not retain jurisdiction. As neither party prevailed in full, we decline to tax costs. MCR 7.219.

/s/ Elizabeth L. Gleicher
/s/ Christopher M. Murray
/s/ Karen M. Fort Hood