McMILLAN v. WAYNE CIRCUIT JUDGE.

MANDAMUS—SETTING ASIDE JUDGMENTS—DISCRETION.

Mandamus will not be granted to compel the setting aside of a judgment, where it appears that the trial court did not abuse his discretion in denying the motion.

Mandamus by Frank McMillan and another to compel George S. Hosmer, circuit judge of Wayne county, to vacate an order denying a motion to set aside a judgment. Submitted February 23, 1909. (Calendar No. 22,946.) Writ denied March 3, 1909.

*Sloman & Sloman* and *Miner & Anhut*, for relators.

*David E. Heineman*, for respondent.

GRANT, J. Relators ask the writ of mandamus to compel respondent to vacate an order made by him refusing to set aside a judgment rendered against them and their codefendant, one Sloman. Judgment was rendered upon a promissory note executed by Sloman, now deceased, and indorsed by the relators. This note was given in place of another executed by the same parties, upon which suit was brought and discontinued by agreement, and the note involved in this suit given. Suit was commenced by filing declaration and rule to plead. These were duly served upon all the defendants in the suit. Sloman was intrusted with the defense of the suit, and employed the firm of Clark, Jones & Bryant, attorneys, to defend. Subsequently judgment was entered by stipulation. Sloman, it appears, gave notice of set-off, but subsequently withdrew this claim. Relators now insist that, though they charge no intentional wrong upon Sloman or the attorneys who represented them in the suit, yet they were not aware of this judgment, and they, therefore, ask to have

it set aside so that they may interpose Sloman's defense of set-off. Affidavits of parties and of their attorneys were presented for the consideration of the respondent in determining the motion. He reached the conclusion that justice did not require that he set aside the judgment. It would afford no valuable precedent to state the claims of each side and the evidence upon which they rely for their contentions. We deem it sufficient to say that the setting aside of judgments is a matter resting in the sound discretion of the circuit judge, and we find no reason for holding that the respondent abused that discretion.

The writ is denied.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.