PETERSEN v. WAYNE CIRCUIT JUDGE.

JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE FOR NEGLECT OF ATTORNEY NOT WARRANTED.

Neglect of defendant's attorney to enter appearance and file plea, although authorized to do so, and his continued neglect after plaintiffs' attorney had notified him of intention to enter defendant's default, was equivalent to neglect of defendant, and was insufficient to entitle him to have default judgment set aside several months later, although his attorney was unable to explain his neglect.

Mandamus by Augustus C. Petersen and another to compel Joseph A. Moynihan, circuit judge of Wayne county, to vacate an order setting aside a default judgment.    Submitted July 12, 1928.    (Calendar No. 33,568.)    Writ granted July 24, 1928.

*E. S. Clarkson* and *F. E. Rankin*, for plaintiffs.

*McIntyre & Robinson*, for defendant.

POTTER, J.    Plaintiffs recovered a default judgment against William M. Heston in the circuit court for Wayne county, February 1, 1927; and October 28, 1927, defendant made a motion to set aside the default for twelve reasons, only one of which merits discussion. Plaintiffs apply for mandamus to set aside the order of the circuit judge who set aside the judgment, and to reinstate the same.    Defendant's motion alleges his failure to file a plea in the cause or to have the same served on plaintiffs' attorney was occasioned by no fault, neglect, or blame of defendant, but arose solely through the misapprehension, neglect, or oversight of his attorney; that he turned over to his attorney a copy of the declaration with instructions to take any and all necessary steps in his behalf.    His attorney

alleges he is entirely at a loss to recall why a plea in the cause was not filed and served, as he supposed and believed was done; that, whether the failure to do so was occasioned by a clerk in his office or by his own oversight, he is unable to state, but the entry of the default and judgment was without his knowledge or the fault of defendant.    In the application for mandamus is set up, among other things, a letter written January 14, 1927, by plaintiffs' attorney to defendant's attorney, stating:

"I suppose I have no right to send a letter to you as the attorney of William M. Heston, as you have not yet appeared in the case or filed a plea therein.  However, in order to be fair about the matter, I am writing you this letter to tell you that within the next week I shall enter the default of Mr. Heston in the case, unless his appearance is entered or plea filed."

After this, defendant's default was entered and judgment taken.    It was not until October 28, 1927, a motion was made to set aside the judgment.

The question is whether the neglect of the attorney for defendant to enter an appearance and file a plea was sufficient to entitle defendant to have the judgment set aside.    Defendant's attorney had notice not only from the defendant himself, but from plaintiffs' attorney, before defendant's default was entered and judgment taken.    Nothing was done.

Under the circumstances, we think the neglect of the attorney was equivalent to the neglect of defendant, and that plaintiffs are entitled to the writ as prayed.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK, MCDONALD, and SHARPE, JJ., concurred.