## HARTMAN v. ROBERTS-WALBY ENTER-PRISES, INCORPORATED

1. JUDGMENT—DEFAULT JUDGMENT—MOTION TO SET ASIDE—CAUSE—COURT RULE.

A motion to set aside a default judgment, except when grounded on want of jurisdiction over the defendant, is to be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed (GCR 1963, 520.4).

2. JUDGMENT—DEFAULT JUDGMENT—MOTION TO SET ASIDE—MERITO-RIOUS DEFENSE—DRAMSHOP ACT—RIGHT TO INDEMNIFICATION.

A surety's right to indemnification from its principal, a tavern owner, does not constitute a defense to a plaintiff's action against the surety under the dramshop act; therefore the allegation that such right to indemnification existed is not a sufficient showing of a meritorious defense to warrant the setting aside of a default judgment against the surety (GCR 1963, 520.4).

3. JUDGMENT—DEFAULT JUDGMENT—MOTION TO SET ASIDE JUDGMENT—CAUSE.

Affidavits by defense counsel who had no personal knowledge of the facts, and by an officer of defendant tavern owner which simply stated the legal conclusion that defendant had not violated the dramshop act need not be accepted by a trial judge as a sufficient showing of cause to set aside a default judgment against the surety of defendant tavern owner for damages resulting from an alleged violation of the dramshop act (CLS 1961, § 436.22; GCR 1963, 520.4).

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 3, 4] 30A Am Jur, Judgment §§ 636, 719 et seq.
[2] 44 Am Jur 2d, Insurance § 1407.
[5] 5 Am Jur 2d, Appeal and Error § 642.

4. Judgment—Default Judgment—Motion to Set Aside—Trial Court—Discretion.

A motion which seeks to set aside a default judgment is addressed to the trial judge's discretion.

5. Judgment—Default Judgment—Motion to Set Aside—Defenses to Complaint.

Assertion by the surety of a tavern owner that a default judgment against it for violation of the dramshop act by the tavern owner should be set aside because the plaintiff's complaint failed to state a cause of action will not be considered by the Court of Appeals where the surety failed to assert this claim in the trial court.

Appeal from Oakland, Frederick C. Ziem and Arthur E. Moore, JJ. Submitted Division 2 March 5, 1969, at Lansing. (Docket No. 2,858.) Decided June 25, 1969. Rehearing denied July 25, 1969. Leave to appeal denied March 25, 1970. See 383 Mich 774.

Complaint by Charlotte Hartman against Roberts-Walby Enterprises, Incorporated, a Michiigan corporation, and United Bonding Insurance Company, a foreign corporation, for damages under the dramshop act. Default judgment against defendant United Bonding Insurance Company entered by Ziem, J. Defendant United Bonding Insurance Company's motions to set aside the default judgment and for rehearing on denial of the motion to set aside the default judgment were denied by Moore, J. Defendant United Bonding Insurance Company appeals. Affirmed.

*George Silitch,* for plaintiff.

*Caplan & Barsky,* and *George Stone,* for defendant United Bonding Insurance Company.

BEFORE: J. H. Gillis, P. J., and Levin and Bronson, JJ.

Levin, J. Plaintiff's complaint alleged that defendant Roberts-Walby Enterprises, Incorporated, a tavern owner, and its surety, United Bonding Insurance Company, were liable to the plaintiff under the dramshop act[1] because of illegal sales of intoxicating beverages by the tavern owner to plaintiff's husband.

Both defendants were duly served with copies of the summons and complaint. The tavern owner answered but no answer or appearance was filed in behalf of the surety. A default judgment in the sum of $5,000 was entered against the surety. Thereafter it moved to set aside the judgment. That motion was denied and this appeal followed.[2] Although the "trend of our jurisprudence is toward meritorious determination of issues" (*Walters* v. *Arenac Circuit Judge* [1966], 377 Mich 37, 47), we have concluded that in this case the trial judge did not err in refusing to grant the surety's motion to set aside the default judgment.

The court rule[3] provides:

"A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." GCR 1963, 520.4.

The sole issue on this appeal concerns the sufficiency of the surety's showing before the trial judge

---

[1] CLS 1961, § 436.22; CL 1948, § 436.29 (Stat Ann 1969 Cum Supp § 18.993; Stat Ann 1957 Rev § 18.1000).

[2] Our Court dismissed the surety's claim of appeal as not timely filed. The Supreme Court reversed and vacated our dismissal order, thereby reinstating the surety's appeal. *Hartman* v. *Roberts-Walby Enterprises, Inc. (Appeal of United Bonding Insurance Company)* (1968), 380 Mich 105.

[3] GCR 1963, 520 concerns default and setting aside defaults. GCR 1963, 528.3 provides the authority to set aside a default judgment.

in support of its assertion that it has a meritorious defense.[4]

The surety's motion to set aside the default judgment was the subject of several hearings. Between hearings the moving papers were changed and supplemented. Initially, the surety alleged that it "has a meritorious defense to this matter inasmuch as all sums which they are deemed to pay are subject to reimbursement from the named assured, which is a co-defendant in said matter."

We agree with the trial judge that the surety's right to indemnification from its principal, the tavern owner, does not constitute a defense to plaintiff's action under the dramshop act against the surety. Similarly, the plaintiff was not required first to obtain a judgment against the tavern owner before taking a default judgment against the surety. The dramshop act expressly authorizes suits against a tavern owner and his surety "severally and jointly."[5]

"If the surety is, as the statute provides, severally liable, it is difficult to conceive why an action may not be brought against him alone. Language could not well be plainer than that employed in the statute itself, and we need not enlarge upon it." *Scahill* v. *Aetna Indemnity Co.* (1909), 157 Mich 310, 311, 312.[6]

The defendant surety's reliance on *Lafler* v. *Monroe Circuit Judge* (1898), 118 Mich 677, is misplaced. In that case the Supreme Court held that since a judgment obtained by the plaintiff against a tavern

---

[4] Since the surety was properly served, there can be no claim of "want of jurisdiction over the defendant." The timeliness of the surety's motion to set aside the default judgment has not been made an issue. The trial judge was satisfied that the surety's neglect to file an appearance and answer was excusable.

[5] CLS 1961, § 436.22 (Stat Ann 1969 Cum Supp § 18.993).

[6] The statutory language construed in the cited case was adopted almost *verbatim* and without any substantive change when the presently governing statutory provision (CLS 1961, § 436.22 [Stat Ann 1969 Cum Supp, § 18.993]) was enacted.

owner and its surety for $5,000 would be satisfied
upon payment by either the tavern owner or the
surety, the trial court did not err in ordering a new
trial unless the plaintiff agreed to reduction of the
judgment to $3,000, the amount which was the limit
of the surety's liability under its bond. Similarly,
see *Merrinane* v. *Miller* (1909), 157 Mich 279, 285
(25 LRA NS 585).

The plaintiff's complaint against the tavern
owner has not yet been tried. In contrast to *Lafler*
v. *Monroe Circuit Judge, supra,* and *Merrinane* v.
*Miller, supra,* in this case a judgment was not en-
tered against the tavern owner and the surety for
an amount greater than the amount of the surety's
bond. If the plaintiff succeeds in collecting the
default judgment she obtained against the defendant
surety, the tavern owner might, indeed, have a good
defense to the continued prosecution of this action
against it. But the defense which might then arise
in favor of the tavern owner does not give the surety
a good defense at this time.

After the motion to set aside the default judgment
was denied the surety filed a petition for rehearing
with a supporting affidavit signed by its attorney.
At the subsequent hearing, the trial judge declined
to consider the attorney's affidavit stating that al-
though it was made on purported personal knowl-
edge, in reality, as the attorney acknowledged in
open court, the attorney had no personal knowledge
of the facts. The attorney asked for time to file
an affidavit of one who did have personal knowledge
of the facts, which request was granted.

Subsequently an affidavit of an officer of the tavern
owner was filed. This affidavit stated that the affiant
was present on the premises on the day plaintiff's
husband was allegedly served intoxicants "and of
his own personal knowledge states that the above

named defendant [the tavern owner] did not, through any of his agents, servants or employees, violate the Michigan Dram Shop Act, being MSA 18.993 as amended in relation to plaintiff's husband Nelton Hartman." At the next hearing the trial judge ruled this affidavit insufficient because, among other reasons, it stated a mere conclusion and did not state a factual basis for that conclusion.

A motion which seeks to set aside a default judgment is addressed to the trial judge's discretion.[7] Had the judge been satisfied with the surety's moving papers we would be disinclined to interfere with an order setting aside the default judgment. But it was clearly within his prerogative under the circumstances of this case to require that the surety furnish the affidavit of one who had personal knowledge of the facts. The judge's action in requiring an affidavit based on personal knowledge is particularly appropriate where, as here, the attorney's affidavit, admittedly not made on personal knowledge, did not state the basis or source of his information and belief. The surety's attorney did not claim that he would experience any difficulty in obtaining an affidavit from one who had personal

---

[7] *Walters* v. *Arenac Circuit Judge* (1966), 377 Mich 37, 47; *Crew* v. *Zabowsky* (1959), 357 Mich 606, 609; *Paynton* v. *Paynton* (1916), 194 Mich 504, 507.

GCR 1963, 520.4 is based on Fed R Civ Proc 55(c) and GCR 1963, 528.3 is based on Fed R Civ Proc 60(b). Although the Federal rules do not expressly require an "affidavit of *facts*," Federal decisions interpreting these rules are pertinent:

"At times the grounds put forward by the moving party, if proved or admitted, will entitle the defaulting party to relief as a matter of law. More often the grant or denial of the motion will involve the exercise of a sound discretion; and the trial court's exercise of discretion will be interfered with by the appellate court only where there is an abuse. But where there are no intervening equities any doubt should, as a general proposition, be resolved in favor of the movant to the end of securing a trial upon the merits." 6 Moore's Federal Practice (2d ed), § 55.10[1], p 1829.

See *Smith* v. *Kincaid* (CA 6, 1957), 249 F2d 243, 245; *Consolidated Masonry & Fireproofing, Inc.* v. *Wagman Construction Corporation* (CA 4, 1967), 383 F2d 249.

knowledge of the facts and, indeed, told the judge that such an affidavit could be obtained.[8]

GCR 1963, 520.4 provides that a motion to set aside a default judgment shall be granted only if "an affidavit of *facts* showing a meritorious defense is filed." (Emphasis supplied.) The trial judge was not obliged to accept the affidavit of the tavern owner's officer which, although made on personal knowledge, contained only the conclusory statement that the tavern owner did not violate the dramshop act in respect to the plaintiff's husband.[9]

The function of the affidavit is to provide the judge with information so that he can determine whether the defaulted defendant has a meritorious defense. The judge in this case could hardly have been enlightened on that issue by the tavern owner's conclusory affidavit which did not contain a single supporting factual assertion and which, indeed, beyond its general denial of liability, did not even state the nature of the defense.[10] The tavern owner's affidavit was not an "affidavit of *facts.*"

As an additional ground of appeal the surety asserts that the plaintiff's complaint failed to state a cause of action[11] because on its face it shows that

---

[8] At the oral argument in our Court the surety's attorney asserted that he could not obtain a more explicit affidavit because of the reluctance of the tavern owner's attorney to furnish a detailed affidavit; however, this was not brought to the attention of the trial judge.

[9] See *Stradley* v. *Acting Circuit Judge of Chippewa County* (1893), 96 Mich 287, 290.

See, also, *Holmes* v. *Heywood* (1870), 1 Mich NP 292; *Thayer* v. *Swift* (1844), 1 Walker's Ch 384; *Federal Enterprises, Inc.* v. *Frank Allbritten Motors, Inc.* (WD Mo, 1954), 16 FRD 109; *Nelson* v. *Coleman Company, Inc.* (SC, 1966), 41 FRD 7.

[10] In *Ellington* v. *Milne* (ED NC, 1953), 14 FRD 241, cited by the defendant surety, the defaulted defendant's affidavit contained more than a general denial of liability. The opinion of the court in the cited case did not discuss the sufficiency of the showing of merit. In this connection it is to be remembered that the Federal rule does not expressly require an "affidavit of facts."

[11] In *Smak* v. *Gwozdik* (1940), 293 Mich 185, cited by the defendant, the default was taken before the plaintiff's declaration was filed.

plaintiff's husband's injuries were not caused. by
the defendant's actions but, rather, by the interven-
ing act of a third party.[12] · This contention was not
argued by the defendant at any of the hearings· be-
fore the trial judge.   That aspect of the plaintiff's
complaint was never called to the attention of the
trial judge.

The attorney's affidavit in support of the petition
for rehearing did *factually* allege that the plaintiff's
husband's injuries were caused by the actions of a
third party but, as we have previously stated, the
trial judge was within his prerogative in rejecting an
"affidavit of facts" made by one who ·did not have
personal knowledge of the statements therein set
forth and which did not state the sources or basis
of the information therein contained.   We again
mention that the surety's attorney said he could and
would obtain an affidavit from one who did have
personal knowledge.   The surety never· contended,
and the trial judge had no reason to suppose, that the
surety might be able to show that it had a meritori-
ous defense independently of the factual allegations
in the attorney's affidavit.

If the defendant surety wished to set up a merito-
rious defense on the ground that the inadequacy of
the causal relationship between the tavern owner's
sales of intoxicants and the plaintiff's husband's in-
juries appeared on the face of plaintiff's complaint,
it should have brought this defense clearly to the
attention of the trial judge either by stating such
asserted defense in its motion to set aside default

The Michigan Supreme Court ruled that a defendant's default does
not admit the truth of the allegations in a later filed declaration
and, thus, the declaration filed in that case after the defendant's
default could not support a valid default judgment against the
defendant.

[12] See 30 Am Jur, Intoxicating Liquors, § 541, pp 832, 833.

judgment or in its petition for rehearing or, minimally, by arguing it orally before the court.

At the oral argument the defendant was given ample opportunity to present his contentions. The trial judge patiently listened to everything the surety's attorney wished to present. The surety's attorney stressed throughout his contentions that no illegal sale had been made and that plaintiff could only recover if it first obtained a judgment against the tavern owner.[13]

An argument not presented to the trial judge will not ordinarily be considered on appeal, particularly where the appellant seeks review of the manner in which the judge exercised his discretion. Having in mind the protracted hearings involved, the changes in the surety's contentions and the arguments stressed by its attorney at the hearings, we are convinced that the trial judge did not err in failing to detect or consider the surety's causation argument.

Affirmed. Costs to appellee.

All concurred.

---

[13] At the outset of the August 15, 1966 hearing the surety's attorney, at the court's request, briefly summarized his affidavit, and in so doing stated that his affidavit alleged that "the proximate cause of the plaintiff's injuries was not the result of any illegal sale by" the tavern owners. As we have previously stated, the trial judge did not err in rejecting the attorney's affidavit. He could not have been expected from this one brief reference to have understood that the surety was making an argument which was not dependent on the factual allegations in the attorney's affidavit.