McDONALD v. KERSTEN

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—GOOD CAUSE—FAILURE TO ANSWER.

   A claim by defendants' attorney in an affidavit supporting a motion to set aside a default judgment that his clients, who had appeared at an earlier show-cause hearing without counsel, did not realize, because they were laymen, that they also had to file an answer to the complaint for an injunction with the court clerk, which was neither supported nor refuted by the record, may have been a reasonable excuse for failing to answer even though defendants offered no explanation for the almost one month's delay between the show-cause hearing and their later-hired attorney's filing of an appearance (GCR 1963, 520.4).

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—AFFIDAVIT—MERITORIOUS DEFENSE—COURT RULES.

   An affidavit by defendants' attorney filed with a motion to set aside a default judgment, stating the conclusion that plaintiff

REFERENCE FOR POINTS IN HEADNOTES
[1–4]  46 Am Jur 2d, Judgments § 770 *et seq.*

had no title or claim of title to certain land providing access to plaintiff's property and claimed by defendants, was too vague and general to suggest that defendants had, as meritorious defenses, the statute of frauds and reversion of the disputed land to defendants upon its abandondment as a county road, and it was not error for the trial judge to find that defendants had failed to establish that they had a meritorious defense and to refuse to set aside the default judgment (GCR 1963, 520.4).

3. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—COURT RULES.

Refusal of trial court to set aside a default judgment permanently enjoining defendants from interfering with plaintiff's use of a contested roadway running along one side of defendants' property and providing ingress and egress to plaintiff's property was not error where defendants did not show that they had a meritorious defense, as required by court rule (GCR 1963, 520.4).

4. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—MANIFEST IN-JUSTICE.

No manifest injustice resulted from trial court's refusal to set aside a default judgment permanently enjoining defendants from interfering with plaintiff's use of a contested roadway running along one side of defendants' property and providing access to plaintiff's property where the only vehicular access to plaintiff's property was by means of this roadway, the defendants' deed from their grantor did not convey to them the southerly half of this roadway, and defendants did not claim any hardship or loss attributable to the plaintiff's use of this strip of land.

Appeal from Kent, Stuart Hoffius, J. Submitted Division 3 March 6, 1970, at Grand Rapids. (Docket No. 7,723.) Decided June 25, 1970.

Complaint by Alta McDonald against Vincent Kersten and Olga Kersten for an injunction. Default judgment for plaintiff. Defendants appeal. Affirmed.

*Bergstrom, Slykhouse & Shaw* (*Carl J. Verspoor,* of counsel), for plaintiff.

*Russell & Ward,* (*E. Lou Hoos,* of counsel), for defendants.

Before: R. B. Burns, P. J., and Fitzgerald and Levin, JJ.

Levin, J. The defendants appeal a default judgment, claiming that the trial judge erred when he refused to set aside the default.

The default of the defendants was entered on May 14, 1969, after they failed to answer plaintiff's complaint. On the same day, the plaintiff moved for a default judgment and mailed a copy of the motion to the defendants. On May 22, 1969 a firm of attorneys entered an appearance for the defendants. On June 10, 1969 defendants' attorneys moved to set aside "the default judgment", with a supporting affidavit of one of defendants' attorneys. At the time, the default judgment had not yet been entered; defendants' motion was treated as a motion to set aside the entry of default and, after a hearing, was denied. Thereupon, a default judgment was entered permanently enjoining the defendants from interfering with the plaintiff's use of a contested roadway which runs along one side of the defendants' property and provides ingress and egress for the plaintiff's property.

GCR 1963, 520.4 provides that an entry of default and a judgment by default may be set aside "if good cause is shown and an affidavit of facts showing a meritorious defense is filed."

In parts I and II of this opinion, we consider whether the defendants showed good cause, and in part III whether they submitted an affidavit of facts

showing a meritorious defense. We conclude that
a meritorious defense was not shown, and affirm.

## I.

"Good cause within the meaning of this provision
would seem to include (1) a substantial defect or ir-
regularity in the proceedings upon which the default
was based, (2) a reasonable excuse for failure to
comply with the requirements which created the de-
fault, or (3) some other reason showing that mani-
fest injustice would result from permitting the de-
fault to stand." 2 Honigman and Hawkins, Mich-
igan Court Rules Annotated (2d ed), Authors' Com-
ments, p 662.

The defendants do not claim that there was a sub-
stantial defect or irregularity in the proceedings.[1]

We turn to the question whether the defendants
have shown that manifest injustice would result
from permitting the default to stand, and thereby
demonstrated good cause.

The factual background of the controversy now
becomes relevant. Plaintiff owned three lots form-

[1] The complaint and summons were issued April 17, 1969 and a
return of service was filed showing service on the defendants on
April 17, 1969 and April 19, 1969. An affidavit of nonmilitary
service and an affidavit of default were filed on May 14, 1969.

The default affidavit signed by the plaintiff's attorney states that
the defendants were duly served and had not answered and that the
complaint was taken as confessed. The default was in the form
prescribed by the court rule (GCR 1963, 520.7), but was not signed
by plaintiff's attorney. This inadvertence may be attributable to the
circumstance that both the default and the affidavit were printed
on the same sheet of paper, the affidavit in the upper half and the
default in the lower half of the sheet. The attorney signed the
affidavit, which was duly notarized, and may have overlooked the
fact that his signature was required in another place on this sheet
of paper. The defendants have made no issue of this lapse and we
do not think we should notice it ourselves or that it necessarily would
require the setting aside of the default judgment. This is the kind
of defect that might be correctable by order *nunc pro tunc*. See
*Bogue* v. *Prentis* (1881), 47 Mich 124. See, also, MCLA § 600.2315
(11) (Stat Ann 1962 Rev § 27A.2315[11]); *Wallace* v. *Wallace*
(1970), 23 Mich App 741.

ing a right-angle triangle with the upper or northern tip cut off—the hypotenuse is on the west side. Between the hypotenuse and Dean Lake runs old Four Mile Road. This road also abuts plaintiff's property on the north. The defendants' land is immediately east of plaintiff's land and old Four Mile Road continues east along the northerly boundary of the defendants' land.

Old Four Mile Road was under the jurisdiction of the Kent County Road Commission. In 1964 the road commission and Grand Rapids township decided to build a new Four Mile Road. In connection with that program they acquired the property immediately east of plaintiff's land, *i.e.*, the land now owned by the defendants; the defendants purchased the land from the township.

After construction of the new road, plaintiff's only means of vehicular access to her property was the portion of the old road on the northerly boundary of defendants' property. At one of the hearings, the plaintiff testified that an agent of the road commission promised to keep open the portion of the old road running along the northerly boundary of the defendants' property so that she would have a means of access to her property.

When the township offered for sale the land which the defendants purchased, it described the property as extending north to the center line of old Four Mile Road. Aware that the township was negotiating with the defendants, the plaintiff filed an affidavit in October, 1967 with the Kent County Register of Deeds asserting her claim to use the old road and a copy of the affidavit was sent to the defendants. Nevertheless, on May 14, 1968 the defendants purchased the property; however, the quitclaim deed from the township conveyed only that portion of the property it had acquired "southerly of old Four Mile Road"

thereby excluding the strip of land between the center line and the southerly boundary of the road. That strip of land was never formally abandoned by the road commission or the township. However, with the exception of plaintiff's use, it is no longer used for the purpose for which it was originally acquired. The defendants now contend that this constitutes a constructive abandonment and that the land so abandoned became the defendants' property as they are the abutting landowner.

In April, 1969, the defendants attempted to block plaintiff's use of this strip of land. This litigation followed.

It does not appear that manifest injustice would result from the failure to set aside the default.[2] On the contrary, the only vehicular access to the plaintiff's property is by means of the old road. The deed from the township to the defendants did not convey the southerly half of the old road—the strip used by plaintiff for access. The defendants do not claim any hardship or loss attributable to the plaintiff's use of this strip of land.

## II.

We next consider whether the defendants showed good cause by offering a reasonable excuse for failing to answer.

A temporary restraining order was entered when the litigation was commenced and a hearing on an order to show cause was set for April 25, 1969. The defendants appeared in court at that hearing without counsel. Their later-hired attorney's affidavit in support of the motion to set aside the default states

---

[2] Cf. Home Life Ins. Co. v. Cohen (1936), 278 Mich 169; Schuman v. Schuman (1921), 217 Mich 184; McDonough v. General Motors Corporation (1967), 6 Mich App 239. See, also, McMillan v. Wayne Circuit Judge (1909), 155 Mich 651.

that, when they appeared, the defendants had with them "a layman's answer, complete with facts, photostatic copies of resolutions, notices of sale, sale of property, and color pictures portraying the area and property in controversy in its relationship to the lake and buildings and garages annexed thereto. That because the defendants herein were laymen they did not in fact know that such answer must be filed with the clerk of the court." He further asserts that the defendants were advised by the court at this hearing to obtain the assistance of counsel.

A stenographic record was not made of the proceedings during the June 13, 1969 hearing on the motion to set aside the default except for the court's ruling that, "I do not see that there has been offered a meritorious defense nor do I see any excuse for the failure to enter an appearance within the time specified by the statute."

At the earlier show-cause hearing held April 25, 1969, one of the defendants, in response to the judge's suggestion, said that they had an "appointment for next week and after next week we will be adequately counseled and represented." During the course of the hearing, the judge said that he would enter a restraining order to maintain the *status quo* and that this would give the defendants "a chance to get an attorney and do what you want to about it", and later on, "then you will have a chance to get your attorney and we will let this injunction issue against both from doing anything about changing the status of the road at the present time". And in conclusion: "That gives you a chance to get your attorney and we will just hold it the way it is".

In *Bednarsh* v. *Winshall* (1961), 364 Mich 113, the defendant took the summons and declaration to his attorney. Because his attorney had also represented the plaintiff, the summons and declaration

were turned over to another lawyer; this, said the Supreme Court (p 114) "resulted in some confusion as to conducting the defense." There the order of default was entered January 14, the default judgment on January 26, and the motion to set aside the default was filed January 29. In deciding that the trial court had abused its discretion in refusing to set aside the default judgment the Supreme Court stated (p 114):

"We think defendant acted with reasonable care and dispatch, that the minor delay on the part of defense resulted from confusion in the changing of attorneys and this was seized upon with undue haste by plaintiff."

In this case the defendants appeared in court in response to the order to show cause. Their intention to retain counsel and to defend was manifest. Their attorney's affidavit avers that, when they appeared, they had a layman's answer with them. This claim is not supported by the record, but neither is it refuted. While the defendants have offered no explanation for the almost one month's delay between the show-cause hearing and their attorneys' filing of an appearance, this may have been attributable to a layman's impression that by appearing in court they had appeared and that the issuance of the injunction put the matter on the back burner, at least for a reasonable period of time.[3]

---

[3] This case is readily distinguishable from other cases to which our attention has been directed. In *Abstract & Title Guaranty Company* v. *Williams* (1962), 367 Mich 620, 624, the defendant knew that the attorney whom he sought to engage had declined to represent him well in advance of an adjourned date but did not appear on that date.

In *Petersen* v. *Wayne Circuit Judge* (1928), 243 Mich 600, plaintiff's attorney wrote to the defendant's attorney warning him that he would enter the defendant's default unless his appearance was entered or plea filed; nevertheless, "nothing was done."

In *White* v. *Sadler* (1957), 350 Mich 511, the defendant appeared on April 7 but no answer was filed. His default was entered on

## III.

Good cause is not, however, enough. The defendants must additionally have filed "an affidavit of facts showing a meritorious defense." GCR 1963, 520.4.[4]

The affidavit in this case was filed by one of the defendants' attorneys. In *Hartman* v. *Roberts-Walby Enterprises, Incorporated* (1969), 17 Mich App 724, we considered the sufficiency of affidavits filed by an officer of the defendant corporation and one of its attorneys and concluded that the trial judge did not err in failing to set aside a default judgment. There the first affidavit was filed by the defendant's attorney, it was not made on personal knowledge and it did not state the basis or source of the attorney's information and belief. We held that the trial judge acted within his prerogative in requiring the defendant to furnish an affidavit by someone who had knowledge of the facts, at least in a case such as there presented where the attorney not only did not claim that he would experience dif-

---

July 21, and a default judgment on August 22. Defendant then retained another attorney and on the following January 26 defendant's new attorney entered an appearance and moved to set aside the judgment. In affirming the trial court's refusal to set aside the default judgment the Supreme Court observed (pp 522, 523):

"It is not necessary for us to hold here that the neglect of an attorney may never be made the basis of a belated application to set aside a default. That might to too harsh a rule. * * *

"There is no showing by the defendant in his motion that he made any inquiry of his then attorney regarding the fate or disposition of his case until after the service of an execution upon him some five months after the entry of the default judgment. We feel that in the absence of special circumstances, fully disclosed, ordinary prudence might have dictated another course. What did the defendant think was happening to his case?"

4 Sometimes, as in the cases cited in footnote 2, both good cause and merit have been demonstrated to the court's satisfaction upon a showing that the "equities" (*Home Life Ins. Co.* v. *Cohen, supra*) require that the default be set aside and the issue decided on the merits. For the reasons set forth in the text accompanying footnote 2, we have concluded that a manifest injustice will not result from the failure to set aside the default judgment entered in this case.

ficulty in obtaining an affidavit from one who had knowledge of the facts but, instead, told the judge that such an affidavit could be obtained. An affidavit of an officer of the defendant corporation was then submitted; however, while this affidavit was made on personal knowledge, it contained only a conclusory statement unsupported by a single factual assertion, and, beyond its general denial of liability, did not state the nature of the defense. We held that the officer's affidavit was not an "affidavit of *facts*."

On this appeal the defendants argue:

(1) plaintiff's claim of a right to use the road cannot be established because there is no agreement in writing between the plaintiff and the governmental authorities and the statute of frauds precludes the admission of oral testimony in support of her claim, and

(2) the strip of land was constructively abandoned because it is no longer being used as a public thoroughfare—only the plaintiff claims a right to use it—and it therefore reverted to the abutting landowner, the defendants.

We have assiduously scrutinized the motion to set aside the default and the supporting affidavit. While it might be argued that the first defense (statute of frauds) is comprehended by the statement in the affidavit that "plaintiff has no title or claim of title" to the strip of land, the quoted language is, we think, much too vague and general to suggest this defense. "The function of the affidavit is to provide the judge with information so he can determine whether the defaulted defendant has a meritorious defense." *Hartman* v. *Roberts-Walby, supra,* 730. Just as the conclusory, nonfactual affidavit in the case cited was found to be unenlightening, so too the general statement that the plaintiff does not have title or claim of title to the strip of land does not *inform*

the judge that it is the defendants' claim that the plaintiff was precluded by the *statute of frauds* from asserting a right to use this strip of land on the basis of an oral agreement with the governmental authorities.

The second defense now advanced, namely that the strip of land was abandoned and, thus, reverted to the defendants as the abutting landowner is neither stated nor intimated in either the motion to set aside default or the affidavit.[5] The affidavit contains not a single factual assertion in support of the conclusory statement "that based upon all facts and information available and discovered upon investigating this matter the deponent does firmly believe that the

---

[5] The affidavit recites plaintiff's acquisition of her land and her subsequent conveyance to the county of the portion of old Four Mile Road running past her property. It is further stated that on April 8, 1969 the county abandoned the portion of old Four Mile Road "which lies north and northwesterly of the property owned by the plaintiff". (The property acquired by the defendants lies easterly of plaintiff's property.)

Reference is then made to a resolution adopted April 21, 1969 by the board of Kent County Road Commissioners "to the effect that the parcel of land described in the paragraph above had been formally abandoned by said road commission".

The affidavit then sets out the defendants' bid for and purchase from the township of the property which they own.

It is then stated that "upon formal abandonment by the Kent County Road Commission of the parcel described above *the plaintiff*" erected barriers excluding other persons from using the portion of old Four Mile Road which had been abandoned and that "the aforementioned abandoned portion of the 'old' Four Mile Road, now exclusively used by *the plaintiffs* herein, is adjacent to and afronts Dean Lake and secures for the plaintiff complete lake frontage under his control and for his complete use." (Emphasis supplied.) It is apparent that the abandoned land referred to is the portion of old Four Mile Road lying north and northwesterly of the property owned by the plaintiff and not the strip of land abutting defendants' property on the north.

The affidavit then proceeds to discuss the hearing of April 25, 1969, the defendants' preparation of a layman's answer, the court's advice to the defendants to retain an attorney, their retention of an attorney, the filing of an appearance by their attorney, the investigation by their attorney of the facts of the case and related matters, and then states that based upon the foregoing the defendants' attorney believes that they have a "complete meritorious defense". It concludes with the statement that plaintiff has "no title or claim of title" to the strip of land.

defendants herein do in fact have a complete meritorious defense to the complaint."

The trial judge did not err in finding that the defendants had failed to establish that they have a meritorious defense and in refusing to set aside the default.

Affirmed. Costs to plaintiff.