## LADA *v.* LADA

1. JUDGMENT—DEFAULT JUDGMENT—VACATION OF DEFAULT—DISCRE-
TION—GOOD CAUSE.

> A motion to set aside a default judgment is addressed to the
> trial court's discretion; good cause must be shown to warrant
> the vacation of a default judgment (GCR 1963, 520.4).

2. JUDGMENT—DEFAULT JUDGMENT—VACATION OF DEFAULT—FALSE
AFFIDAVIT.

> Denial of a motion to vacate a default divorce judgment was
> not error where defendant subsequently admitted in court that
> the affidavit, which stated facts allegedly excusing her failure
> to file an answer, was false.

Appeal from Macomb, George R. Deneweth, J.
Submitted Division 2 May 11, 1971, at Lansing.
(Docket No. 10525.)   Decided May 27, 1971.

Complaint for divorce by Joseph S. Lada against
Helen E. Lada.   Default judgment for plaintiff.
Defendant appeals.   Affirmed.

*Butler & Martin,* for plaintiff.

*LaBarge, Zatkoff & Dinning,* for defendant.

Before: DANHOF, P. J., and FITZGERALD and
QUINN, JJ.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  46 Am Jur 2d, Judgments § 686.
[2]  46 Am Jur 2d, Judgments § 776.

Per Curiam. The defendant appeals alleging that the trial court erred in denying her motion to set aside a default. At the time the motion was made the defendant filed an affidavit stating facts which she contended excused her failure to file an answer. Subsequently, it was admitted in open court that the affidavit was false.

A motion to set aside a default is addressed to the trial court's discretion. *Rhodes* v. *Rhodes* (1966), 3 Mich App 396. A default is to be set aside only if good cause is shown. GCR 1963, 520.4. On the record before us we cannot conclude that the trial court abused its discretion in ruling that good cause had not been shown.

Affirmed.