ALBRO LEASING, INC v SYLVESTER

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE DEFAULT—DISCRETION.

The decision to set aside a default judgment is within the discretion of the trial court and will not be reversed on appeal unless a clear abuse of discretion is shown.

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE DEFAULT—GOOD CAUSE—EXCUSABLE NEGLECT—GARNISHMENT.

Setting aside a default judgment against a garnishee defendant was not an abuse of discretion where the garnishee defendant showed that it did not employ the principal defendant at the time the garnishment writ was served and that it owed nothing to the principal defendant and the trial court found that the garnishee defendant's misfiling of the writ during the process of moving from one office to another constituted "excusable neglect" and "good cause" (GCR 1963, 520.4).

3. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE DEFAULT—GOOD CAUSE—UNCONSCIONABLE RESULT.

Unconscionable results flowing from a default judgment might satisfy the "good cause shown" requirement for setting aside the default.

Appeal from Wayne, Joseph A. Sullivan, J. Submitted Division 1 March 16, 1972, at Detroit. (Docket No. 11370.) Decided April 26, 1972.

Complaint by Albro Leasing, Inc., against Gary Sylvester, and for a writ of garnishment against Squire Hall Real Estate Company. Writ issued, and default judgment on the garnishment. The garnishee defendant's motion to have the default

REFERENCES FOR POINTS IN HEADNOTES

[1] 47 Am Jur 2d, Judgments § 1158.
[2] 47 Am Jur 2d, Judgments § 1180.
[3] 46 Am Jur 2d, Judgments § 708.

judgment set aside and the garnishment quashed was granted. Plaintiff appeals. Affirmed.

*R. S. Corace, P. C.* (by *Wayne A. Smith),* for plaintiff.

*Stewart, Lascoe & Donovan, P. C.,* for garnishee defendant.

Before: R. B. BURNS, P. J., and HOLBROOK and QUINN, JJ.

R. B. BURNS, P. J. Plaintiff obtained a $1,463.30 judgment against defendant Sylvester and caused a writ of garnishment to be served upon Squire Hall Real Estate Company, the garnishee defendant. By court rule the garnishee defendant was required to file within 15 days a disclosure, which would reveal the garnishee's liability, if any, to Sylvester, the principal defendant. GCR 1963, 738.6.

The garnishee defendant failed to respond within the 15-day period. Plaintiff, by the authority of GCR 1963, 738.8, obtained a default judgment against the garnishee "as in other civil actions".[1]

The plaintiff took a default judgment, pursuant to GCR 1963, 520, for $1,499.80. Plaintiff then served garnishment writs upon the garnishee defendant's bank.

Approximately two months after the default judgment had been entered against it, the garnishee defendant was successful in having the entry of default and judgment set aside; the writ of garnishment was quashed one month later.

Plaintiff appeals the trial court's orders setting

[1] This quoted language refers to GCR 1963, 520, the court rule on default judgments for civil actions. 4 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), p 632.

aside the default judgment and quashing the garnishment.

GCR 1963, 520.4 and 528 permit default judgments to be set aside for the various reasons and under the conditions set forth in those rules. The decision of whether or not to set aside a default judgment is a discretionary one and will not be reversed on appeal unless clear abuse of discretion is shown. *Seifert v Keating,* 344 Mich 456 (1955); *Rhodes v Rhodes,* 3 Mich App 396 (1966); *Lada v Lada,* 34 Mich App 137 (1971).

GCR 1963, 520.4 requires "good cause shown" and "meritorious defense" for a default or a default judgment to be set aside. Garnishee defendant has without doubt satisfied the "meritorious defense" requirement. Plaintiff does not dispute the contention that the principal defendant was not employed by the garnishee defendant at the time the garnishment writ was served and that the garnishee defendant owed nothing to the principal defendant.

The trial court found that the garnishment writ was misfiled during the process of moving from one office to another and that such action was "excusable neglect" and "good cause".

In several cases our Court has indicated that "unconscionable results" flowing from a default judgment would or might satisfy the "good cause shown" requirement. *McDonald v Kersten,* 24 Mich App 681 (1970); *McDonough v General Motors Corp,* 6 Mich App 239 (1967); *Penney v Protective National Insurance Co,* 24 Mich App 218 (1970).

In the *McDonough* case the reason for the default was a misplaced file, much as in the instant case.

The trial judge did not abuse his discretion.

Affirmed. Costs to defendant.

All concurred.