MILINSKY v SCHMIDT, ELLIS & ASSOCIATES, INC

Opinion of the Court

1. Judgment—Default Judgment—Setting Aside.

   A trial court properly refused to set aside a default judgment where the defendant neither showed good cause to set aside the default nor filed the requisite affidavit of facts showing a meritorious defense (GCR 1963, 520.4).

2. Judgment—Default Judgment—Setting Aside—Attorney's Neglect.

   The neglect of a defendant's attorney is not an adequate excuse for setting aside a default judgment because the neglect of an attorney is generally regarded as attributable to his client; only if the attorney's neglect is excusable because of the press of circumstances will good grounds be afforded for setting aside a default.

3. Judgment—Default Judgment—Setting Aside—Meritorious Defense—Affidavits.

   Affidavits submitted by defendants against whom a default judgment was granted which contained only general statements with vague and unsupported charges that the plaintiffs had made false and fraudulent allegations, that there was a lack of consideration, and that any agreements existing between plaintiffs and defendants were executed under duress, but which substantiated none of these charges, presented no meritorious defense and were therefore insufficient to have the default judgment set aside (GCR 1963, 520.4, 528.3).

4. Judgment—Default Judgment—Setting Aside—Discretion.

   The decision of a trial court to set aside a default judgment is discretionary and will not be reversed on appeal unless a clear abuse of discretion is shown.

References for Points in Headnotes
[1] 46 Am Jur 2d, Judgment §§ 679–791.
[2] 46 Am Jur 2d, Judgment §§ 724, 728.
[3, 5] 46 Am Jur 2d, Judgment §§ 739, 740.
[4] 47 Am Jur 2d, Judgment §§ 1158, 1180, 1189.

5. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE—MERITORIOUS
   DEFENSE—AFFIDAVIT.

   *Defendants were not entitled to have a default judgment set aside where affidavits they submitted were insufficient to show the existence of a meritorious defense.*

Appeal from Oakland, Robert L. Templin, J. Submitted Division 2 April 5, 1973, at Lansing. (Docket No. 14728.) Decided June 28, 1973.

Complaint by Harold C. Milinsky and Tova S. Milinsky against Schmidt, Ellis & Associates, Inc., Harold W. Schmidt, Dayton F. Burdeno, and Margaret L. Erickson, for damages resulting from fraud. Default judgment for plaintiffs against the corporate defendant and Harold W. Schmidt. Defendant Schmidt appeals. Affirmed.

*August, Thompson & Sherr, P. C.,* for plaintiffs.

*Maurice A. Merritt,* for defendant on appeal.

Before: McGREGOR, P. J., and QUINN and O'HARA,* JJ.

McGREGOR, P. J. Defendant Harold W. Schmidt appeals the denial by the trial court of his motions to have a default judgment set aside.

On February 16, 1972, plaintiffs filed a complaint in circuit court seeking damages for losses allegedly sustained as a result of fraudulent actions by the defendants.

Defendants Schmidt, Ellis & Associates, Inc., and Harold W. Schmidt were personally served on March 28, 1972. On or before April 7, 1972, defendant Harold W. Schmidt went to the office of

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

attorney William A. Ortman, who was retained as counsel for defendant Schmidt. A copy of the summons and complaint were given to attorney Ortman, and securities were left with him as collateral.

On April 21, 1972, an affidavit of default was filed. Proof of service of summons was filed on April 26, 1972. On May 3, 1972, after taking testimony from the plaintiffs, the trial court granted a default judgment to the plaintiff in the amount of $53,600.

Defendant Schmidt made two motions to have the default judgment set aside. At hearings on these motions, the trial court found no merit in the argument for setting aside the default judgment, ruling that there was not good cause for the failure of the defendants to answer the complaint within the statutory time period, and found no valid affidavit of meritorious defense.

The sole issue in this appeal is whether the trial court abused his discretion in denying the defendant's motion to set aside the default judgment.

Michigan General Court Rules provide:

" * * * A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." GCR 1963, 520.4.

As no question of jurisdiction was raised in these proceedings, it was incumbent upon the defendant to show good cause for setting aside the default and to file the requisite affidavit of facts showing a meritorious defense. *Albro Leasing, Inc v Sylvester,* 40 Mich App 227, 229; 198 NW2d 437, 438 (1972). Since defendant did neither, we affirm the

order of the trial court which refused to set aside the default.

In discussing the meaning of "good cause" for purposes of GCR 1963, 520.4, this Court, in *McDonald v Kersten,* 24 Mich App 681, 684; 180 NW2d 810, 811 (1970), quoted with approval from 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 662:

"Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand."

See also *Sylvania Savings Bank v Turner,* 27 Mich App 640, 649; 183 NW2d 894, 899 (1970).

A careful review of the record in the instant case indicates no defect or irregularity in the proceedings upon which the default was based. Defendant Schmidt contends that he has suffered a manifest injustice because of the failure of his first attorney to make a timely appearance in his behalf. On May 2, 1972, defendant Schmidt paid to attorney Ortman the required retainer fee of $1,-000.[1] In his affidavit, attorney Ortman gives no valid reason for his failure to appear in court on May 3, 1972, the date of the default judgment. The only excuse offered by attorney Ortman was that on the preceding day, May 2, 1972, he attempted

---

[1] The facts surrounding defendant Schmidt's retention of Mr. Ortman were not presented, in any detail, to the trial court. However, in an affidavit submitted to this Court Mr. Schmidt alleges that he retained Attorney Ortman on or before April 7, 1972 and paid him $1,000 on May 2, 1972. We note, however, that Mr. Ortman has had no opportunity to dispute Mr. Schmidt's allegations and such allegations are noted by this Court for purposes of argument only.

without success to reach the plaintiffs' attorney by telephone.

The trial court held that the failure of defendant Schmidt to pay the attorney's retainer fee until May 2, 1972, and the failure of his attorney to appear in court the following day were insufficient to warrant setting aside the default judgment. There are numerous cases in Michigan which indicate that the neglect of a defendant's attorney is not an adequate excuse for setting aside a default judgment, as the neglect of an attorney is generally regarded as attributable to his client. See *White v Sadler,* 350 Mich 511; 87 NW2d 192 (1957). Only if the attorney's neglect is excusable because of the press of circumstances will good grounds be afforded to setting aside a default. The trial court found that no such pressing circumstances existed here.

In addition, the setting aside of a default judgment requires the presentation by affidavit of a meritorious defense. None of the affidavits submitted by defendant and his attorney contain anything which might properly be regarded as a meritorious defense. The affidavits contain only general statements with vague and unsupported charges that the plaintiffs have made false and fraudulent allegations, that there is a lack of consideration, and that any agreements existing between plaintiffs and defendants were executed under duress. However, the affidavits substantiate none of these charges. The trial court properly found that the defendants presented no meritorious defense in their two motions to have the default judgment set aside.

Michigan GCR 1963, 528.3 sets out the conditions under which a party may be relieved from a final judgment:

"On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under subrule 527.2; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than 1 year after the judgment order or proceeding was entered or taken. A motion under subrule 528.3 does not affect the finality of a judgment or suspend its operation. This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding, or to grant relief to a defendant not actually personally notified as provided in subrule 528.2 above, or to set aside a judgment for fraud upon the court. Writs of coram nobis, coram vobis, audita querela, and bills of review and bills in the nature of a bill of review, are abolished, and the procedure for obtaining any relief from a judgment shall be by motion as prescribed in these rules or by an independent action."

Defendant's showing at his motion hearings did not meet these requirements.

The decision as to whether to set aside a default judgment is discretionary and will not be reversed on appeal unless a clear abuse of discretion is shown. *Albro Leasing, Inc v Sylvester, supra.* No such abuse of discretion appears.

The judgment is affirmed.

QUINN, J., concurred.

O'HARA, J. *(concurring in result).* I concur with
Judge McGREGOR but I feel obligated to write
separately because I authored *Walters v Arenac
Circuit Judge,* 377 Mich 37; 138 NW2d 751 (1966).
The language used in that opinion might be read
to recognize no difference between the neglect of
an insurer obligated to undertake defense of a suit
by contract and that of an attorney obligated to do
so because he was retained for that purpose.

Whatever the difference in these obligations
may be I distinguish *Walters, supra,* from the case
at bar because of the insufficiency of the affidavits
in this case as to the existence of a meritorious
defense.

For that reason I concur with Judge McGREGOR.