KIILUNEN v MOODIE

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—PRE-
   TRIAL CONFERENCE—NONAPPEARANCE—GOOD CAUSE—MERITORI-
   OUS DEFENSE.

   A trial court properly refused to set aside a default judgment
   entered because of defense counsel's failure to appear for a
   scheduled pretrial conference, where defendant showed neither
   good cause to set aside the default nor filed an affidavit showing
   a meritorious defense (GCR 1963, 520.4).

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—GOOD
   CAUSE.

   Good cause to set aside a default judgment includes (1) a substan-
   tial defect or irregularity in the proceedings upon which the
   default was based, (2) a reasonable excuse for failure to comply
   with the requirements which created the default, or (3) some
   other reason showing that manifest injustice would result from
   permitting the default to stand.

3. TRIAL—PRETRIAL CONFERENCE—NOTICE—COURT RULES.

   The pretrial conference notice requirements of the general court
   rules apply only to the circuit court for Wayne County; there-
   fore, a failure to receive official notice did not excuse the
   nonappearance of counsel at a pretrial conference in the Cir-
   cuit Court for Livingston County, where counsel knew of the
   conference because he was present when the conference was
   scheduled (GCR 1963, 301.10).

Appeal from Livingston, Paul R. Mahinske, J.
Submitted Division 2 June 6, 1974, at Lansing.
(Docket No. 16917.) Decided August 15, 1974. Re-
hearing granted; appeal dismissed by stipulation
November 27, 1974.

Complaint by Matt and Lillian Kiilunen against

REFERENCES FOR POINTS IN HEADNOTES

[1] 46 Am Jur 2d, Judgments § 724 *et seq.*
[1, 3] 62 Am Jur 2d, Pretrial Conference § 14.
[2] 47 Am Jur 2d, Judgments § 708.

Jean Jolly Moodie for conveyance of property purchased on land contract. Default judgment for plaintiffs. Defendant appeals. Affirmed.

*McCririe & Latreille,* for plaintiffs.

*Smith, Losh, Kovaleski & Krafsur,* for defendant.

Before: McGREGOR, P. J., and R. B. BURNS and O'HARA,* JJ.

PER CURIAM. Defendant appeals from the trial judge's refusal to set aside a default judgment entered when defense counsel failed to appear for a scheduled pretrial conference. Defense counsel claimed lack of official notice as justification for his nonappearance at the pretrial conference.

GCR 1963, 301.9 authorizes the taking of a default when the counsel fails to appear for a pretrial conference:

"Default. Failure to appear at a duly scheduled pretrial conference, unless said conference has been waived in accordance with sub-rule 301.8, shall constitute a default to which provisions of GCR 520 shall be applicable." (Added by amendment of November 11, 1966, effective February 1, 1967).

GCR 1963, 301.10 requires that notice of pretrial be forwarded to counsel at least six weeks before the conference. This notice requirement, however, is applicable to Wayne County Circuit Courts only.

In reviewing the record below, it is clear that defense counsel was present when the conference was scheduled, along with other counsel. On the

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

day of the pretrial, all appeared, with no further notice, except defense counsel.

Defense counsel urged on this appeal that his excuse for nonappearance, in spite of his presence when the date for the pretrial was set, was his expectation of further "official notice", and that failure to send such notice excused his nonappearance.

In *Mission Investment Co v Perfect Totalisator Corp,* 51 Mich App 376; 214 NW2d 898 (1974), we cited GCR 1963, 520.4 for the requirement that a motion to set aside a default judgment shall be granted "only if good cause is shown and an affidavit of facts showing a meritorious defense is filed". In *Milinsky v Schmidt, Ellis & Associates, Inc,* 48 Mich App 192, 195; 210 NW2d 367, 368 (1973), "good cause" was defined:

" 'to include (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.' "

Defendant did not comply with the affidavit requirement of GCR 1963, 520.4 nor do we otherwise find "good cause" for defense counsel's failure to appear at the pretrial conference. Defendant claims that the failure of the trial court to send notice was an "irregularity" in the proceeding. As noted above, notice is required by Wayne County Circuit Courts only; this action was in Livingston County. Likewise, defendant has not satisfied requirements (2) and (3) set out in *Milinsky, supra.*

We find that defense counsel's failure to attend the pretrial conference was not excused and, therefore, the trial judge committed no error in refusing to set aside the default.

Affirmed, with costs to the plaintiffs.