BADALOW v EVENSON

1. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—DISCRETION—GOOD CAUSE—AFFIDAVIT—COURT RULES.

A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if, in the discretion of the trial judge, good cause is shown and an affidavit of facts showing a meritorious defense is filed; exercise of the trial court's discretion will not be set aside on appeal unless clearly abused.

2. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—GOOD CAUSE—DEFECT—ESCUSE—MANIFEST INJUSTICE.

Good cause for setting aside a default judgment includes (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.

3. JUDGMENT—DEFAULT JUDGMENT—SETTING ASIDE JUDGMENT—ATTORNEY NEGLECT.

The neglect or omission of a defendant's attorney does not constitute adequate grounds for setting aside a default judgment.

4. JUDGMENT—SUMMARY JUDGMENT—TESTIMONIAL HEARING—PRIOR PROCEEDINGS—VALIDITY.

A testimonial hearing held by a trial court in response to a remand by the Court of Appeals to determine the underlying factual and legal basis for an antecedent ruling setting aside a default judgment cannot render valid the prior proceeding if it was legally infirm.

Appeal from Wayne, Theodore R. Bohn, J. Submitted April 8, 1975, at Detroit. (Docket No. 16724.) Decided July 23, 1975, at Detroit.

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 46 Am Jur 2d, Judgments §§ 708, 776, 780, 784.

Complaint by Vaglcin Badalow and Nazeah Aladray against Lura Evenson seeking foreclosure under a security agreement, specific performance of the agreement's provisions for transfer of a liquor license, and appointment of a receiver. Default judgment for plaintiffs. Motion by defendant to set aside default judgment granted. Plaintiff Aladray appeals by leave granted. Reversed and default judgment reinstated.

*Royal G. Targan,* for plaintiff Nazeah Aladray.

*Fred S. Findling,* for defendant.

Before: R. B. BURNS, P. J., and M. J. KELLY and O'HARA,* JJ.

PER CURIAM. This case may best be characterized as a procedural snarl. It involves an appeal by leave from an order of the trial court setting aside a default judgment and permitting the defendant to file an answer to the complaint.

The defendant purchased a business known as the Odyssey Lounge from the plaintiffs for the sum of $110,000. Pursuant to the terms of the purchase agreement the defendant paid $30,000 as a down payment and executed a promissory note and security agreement for the balance. The security agreement covered the furnishings and equipment as well as the transfer of the liquor license used in connection with the business. It was provided that in the event of any default in payment that the entire indebtedness would become due. The sale transaction occurred on November 12, 1971. On the same day, the defendant also executed a lease on the involved real property from a corporation

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

owned by plaintiffs herein. The defendant apparently made no payments on the lease agreement and also became in arrears insofar as her obligations under the promissory note and security agreement. While plaintiffs commenced an action in district court and ousted defendant from possession for nonpayment of rent, that action is not directly involved in the present appeal and is only adverted to in order to elucidate what transpired below. On June 7, 1972, defendant was served with a summons and complaint which *inter alia* sought foreclosure of the security agreement, appointment of a receiver, and specific performance as to the transfer of the liquor license to plaintiffs. When no answer was filed to this complaint the plaintiffs filed a notice of default and simultaneously filed a motion for default judgment on July 10, 1972. The default judgment was entered against defendant on July 20, 1972. Almost some six months later on January 18, 1973, a motion to set aside the default judgment was made by the defendant. A hearing was conducted and at its conclusion the trial judge set aside the default judgment.

Timely application for leave to appeal from this order was filed in the Court of Appeals. This Court entered an order holding the application in abeyance and remanded the cause to the trial court for a "detailed concise statement of facts which discloses both the factual and legal basis for the lower court order which is contested herein". Upon receipt of the order the trial judge took further testimony and he prepared an opinion entitled "Concise Statement of Fact and Law", in which he reaffirmed his prior decision vacating the default judgment.

We then granted leave to appeal.

Stated in the most direct terms the issue on

appeal is whether the trial court abused its discretion in setting aside the default judgment and permitting defendant to file a responsive pleading.

A motion to set aside a default judgment is addressed to the trial court's discretion and the exercise of that discretion will not be set aside on appeal unless there is a clear abuse of discretion. *Albro Leasing, Inc v Sylvester,* 40 Mich App 227; 198 NW2d 437 (1972).

The General Court Rules provide:

"A proceeding to set aside default or a default judgment, except when grounded on want of jurisdiction over the defendant, shall be granted only if good cause is shown and an affidavit of facts showing a meritorious defense is filed." GCR 1963, 520.4.

We have carefully read the affidavit executed by the defendant in connection with her motion to vacate the default judgment. Admittedly there is some advertence to a supposed lack of jurisdiction because of an absence of proper personal service on the defendant. But on a closer examination of other facts likewise stated in the affidavit it is evident they completely negate any failure to effect notice pursuant to GCR 1963, 105. Hence, defendant herein falls within the general proviso contained in GCR 1963, 520.4 requiring a showing of good cause for vacating a default judgment and an affidavit of facts indicating the existence of a meritorious defense.

In *Milinsky v Schmidt, Ellis & Associates, Inc,* 48 Mich App 192, 195; 210 NW2d 367, 368 (1973), Judge McGREGOR speaking for the Court quoted with approval from 2 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), Authors' Comments, p 662, as to the meaning of "good cause".

" 'Good cause within the meaning of this provision would seem to include (1) a substantial defect or irregularity in the proceedings upon which the default was based, (2) a reasonable excuse for failure to comply with the requirements which created the default, or (3) some other reason showing that manifest injustice would result from permitting the default to stand.' "

Our examination of the pertinent sections of the affidavit does not disclose the existence of anything approximating the "good cause" to which *Milinsky, supra,* speaks. The defendant basically complains of "ineffectual representation" by the same attorney who had represented her at the transaction wherein she bought the lounge in that he allegedly did not advise her with respect to the pending action and did not file an answer within the time permitted by the applicable court rule. That the neglect or omission of a defendant' attorney does not constitute adequate grounds for setting aside a default judgment is virtually axiomatic. *White v Sadler,* 350 Mich 511; 87 NW2d 19; (1957). To the extent defendant relied on this ground, the affidavit does not state an adequate excuse for her failure to timely interpose an answer. The affidavit is also singularly deficient in that it does not state any viable reason as to why defendant waited almost six months after entry of the default judgment before petitioning the trial court to set aside the judgment so entered.

As to the second part of the two-pronged test relating to the vacating of a default judgment, we also find, after a diligent search, no real indication that defendant has a "meritorious defense" should the case be permitted to proceed to trial. The affidavit is either general and conclusional or alleges matters which clearly are not of sufficient

legal import to come within the purview of the meritorious defense requirement of the court rule.

Because of the absence of any showing on defendant's part that there was both "good cause" and the existence of a "meritorious defense", it necessarily follows that the trial judge abused his discretion by his disposition of defendant's petition to vacate the default judgment. The mere fact that the trial judge then held a testimonial hearing when directed by this Court to simply state the underlying factual and legal basis for his antecedent ruling cannot render valid a proceeding which was legally infirm. Foreclosures of security agreements are not equitable in nature. They are not a matter of the conscience of the court but of statute. Such an after-the-fact proceeding cannot, like the phoenix rising from the ashes, create a valid new judgment free from the fundamental defects present in the original order setting aside plaintiffs' judgment. The remand herein did not contemplate nor authorize a *de novo* hearing of the matter. The order simply directed that the trial court state the basis for its decision so that the Court of Appeals could make a determination on an adequate record as to whether the case was sufficiently meritorious to grant leave to appeal. Nothing which transpired at the subsequent hearing has a direct bearing on the validity or invalidity of the original order.

We conclude the trial judge abused his discretion in setting aside the default judgment. We reverse and direct that the default judgment be reinstated.

Costs to the plaintiff-appellant.[1]

---

[1] There is only one plaintiff-appellant.